IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN A. JONES, *Plaintiff* | § § § | |
| -vs- | § § | SA-21-CV-00054-XR |
| TRAVELCENTERS OF AMERICA INC., TA OPERATING LLC, *Defendants* | § § § § § | |

**ORDER**

On this date, the Court considered the status of this case.

On December 9, 2020, Plaintiff John Jones, represented by counsel, filed this action in state court asserting claims for negligence and premises liability against Defendants TravelCenters of America, Inc. and TA Operating, LLC,[1] for injuries he suffered as a result of a tire explosion that occurred as he was having his tractor-trailer serviced at Defendants' repair center. *See* ECF No. 1-2. Plaintiff alleges that, on or about December 8, 2018, he was an invitee on Defendants' premises located at 6179 I-10 East in San Antonio, Texas. *Id.* On the instructions of Defendants' employees, Plaintiff pulled into the repair bay and exited his truck. *Id.* Plaintiff alleges that as he was walking through the repair center, a tire being inflated by one of Defendants' employees suddenly and violently burst next to Plaintiff, causing headaches and ringing in his ears. *Id.* On January 21, 2021, Defendant TravelCenters of America, Inc. removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. The case proceeded in this Court without incident until July 2021, when Plaintiff stopped responding to communications from his counsel.

---

[1] Defendant TravelCenters of America Inc. was incorrectly sued as "TravelCenters of America d/b/a TA San Antonio, TX #147," and TA Operating LLC was incorrectly sued as "TA Operating LLC d/b/a TravelCenters of America" in the original petition. *See* ECF No. 1-2 at 3.

On September 1, 2021, Plaintiff's counsel moved to withdraw, noting that Defendants had served their discovery requests on Plaintiff on June 17, 2021, and Plaintiff initially worked with his counsel to complete responses, but stopped responding to his counsel in mid-July. ECF No. 22. Counsel stated that counsel had repeatedly attempted to contact Plaintiff by telephone and mail, and Plaintiff never responded. Plaintiff's counsel sought leave to withdraw because counsel could not zealously advocate for Plaintiff and pursue his claims without his participation.

At the same time Plaintiff's counsel sought leave to withdraw, Defendants filed a motion to compel Plaintiff to respond to discovery. ECF No. 21. The motion noted that Defendants had served interrogatories and requests for production on Plaintiff on June 17, 2021, and Defendants later gave Plaintiff's counsel a requested one-week extension, until July 26, 2021, to respond. As of the date of the motion, however, Plaintiff had failed to produce responses to any of those discovery requests.

On September 13, 2021, the Court issued an order (the "Order") granting Defendants' Motion to Compel Plaintiff's Responses to Written Discovery (ECF No. 21) and the Motion to Withdraw (ECF No. 22) filed by Plaintiff's counsel. ECF No. 23. In its order, the Court directed Plaintiff to respond to Defendants' Interrogatories and Requests for Production, without asserting any objections thereto, or file a motion to reconsider the Court's order no later than October 4, 2021. *Id.* Plaintiff was further ordered, no later than October 4, 2021, to (1) cause new counsel to enter an appearance, (2) notify the Court in writing that he intended to proceed *pro se* ; or (3) notify the Court in writing that he no longer desired to continue this lawsuit and wished for it to be dismissed. *Id.*

On December 10, 2021, the Court extended the October 4, 2021 deadline set forth in its previous order to December 31, 2021, after learning that the previous order had not been mailed

to Plaintiff's address in accordance with the Court's instructions. *See* ECF No. 25. The Court directed the Clerk to mail a copy of both the December 10th order and the September 13th order to Plaintiff, and warned Plaintiff that failure to comply with the Court's orders could result in dismissal of this case. *Id.* at 1–2.

Despite the Court's warning, Plaintiff has neither responded to Defendants' Interrogatories and Requests for Production nor filed an advisory with the Court indicating that he had obtained new counsel, intended to proceed *pro se*, or no longer wished to pursue this action. *See* ECF No. 26. The time in which to comply with the Court's orders has expired. *See* ECF No. 25.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority in this regard stems from its inherent authority to manage and administer its own docket and to ensure the orderly and expeditious disposition of cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

Where, as here,[2] a dismissal would preclude further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with

---

[2] Plaintiff's claims were arguably time-barred at when the original petition was filed in state court on December 9, 2020. *See* ECF No. 1-2 at 3. In Texas, causes of action for personal injuries are governed by a two-year statute of limitations, which provides that "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). A cause of action for personal injury accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). According to Plaintiff's original petition, the wrongful act(s) that allegedly caused his injuries occurred "[o]n or about December 8, 2018." ECF No. 1-2 at 4. Although Defendants represented during a status conference held in this matter on June 24, 2021, that they did not intend to pursue a statute-of-limitations defense, Plaintiff's claims are unquestionably time-barred as of the date of this Order.

3

prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when limitations bars or arguably bars refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* at 1519–21.

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 F. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).

The Court concludes that Plaintiff has failed to prosecute his case and comply with the Court's orders. Despite the expiration of the discovery deadline on October 12, 2021, Plaintiff has still not responded to Defendants' discovery requests or to the Court's show cause order. *See* ECF Nos. 16, 26. Nor has Plaintiff filed a witness list, exhibit list, or any pretrial disclosures, which were due on December 3, 2021. ECF No. 16. Additionally, it is Plaintiff, not Plaintiff's former counsel, who is responsible for the delays in this matter. Indeed, Plaintiff's refusal to communicate

with his own counsel to provide timely responses to Defendants' discovery requests was the reason for the withdrawal of Plaintiff's counsel in this matter.

The Court warned Plaintiff in its December 10, 2021 order that failure to comply with that order could result in the dismissal of his case. Thus, this Court concludes that Plaintiff's refusal to comply with the Court's scheduling order, as well as his failure to respond to the Court's show cause order, constitutes contumacious conduct. Additionally, Plaintiff's repeated refusal to respond to these orders demonstrates that lesser sanctions would be futile. Finally, an aggravating factor is present because the delay appears intentional and Defendant is prejudiced by being unable to move forward with the litigation. The Court therefore deems this case appropriate for dismissal under FED. R. CIV. P. 41.

Accordingly, the Court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and/or failure to comply with an order of the Court. A final judgment pursuant to Rule 58 will issue follow.

The Clerk is **DIRECTED** to mail a copy of this order to John Jones, 11206 Cheeves Drive, Houston, Texas 77016.

It is **SO ORDERED**.

**SIGNED** this 14th day of January, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE